MICHELE BECKWITH
Acting United States Attorney
NCHEKUBE ONYIMA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARNOLD ARIAS-TURCIOS,<br><br>Defendant. | CASE NO. 2:24-CR-0178-DC<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUSION OF TIME UNDER SPEEDY TRIAL ACT AND FINDINGS AND ORDER<br><br>DATE: April 11, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its attorney of record, Special Assistant United States Attorney NCHEKUBE ONYIMA, and defendant ARNOLD ARIAS-TURCIOS, both individually and by and through his counsel of record, Dina Santos, hereby stipulate as follows:

1. By Order dated July 24, 2024, the Court set a status conference for September 26, 2024, and excluded time from July 24, 2024, through September 26, 2024, under Local Code T4.

2. By Order dated September 23, 2024, the Court set a status conference for October 17, 2024, and excluded time from September 26, 2024, through October 17, 2024, under Local Code T4.

3. By Order dated October 8, 2024, the Court vacated the October 17, 2024, status conference due to the reassignment of this action and all future proceedings from District Judge Daniel J. Calabretta to District Judge Dena Coggins.

4. By Order dated October 10, 2024, the Court set a status conference for December 13,

2024, and excluded time from October 9, 2024, through December 13, 2024.

5. After a hearing on December 13, 2024, the Court set a status conference for March 7, 2024, and excluded time from December 13, 2024, through March 7, 2025.

6. By Order dated March 3, 2025, the Court set a status conference for April 11, 2025, and excluded time from March 7, 2025, through April 11, 2025.

7. By this Stipulation, the parties now move to set status conference date for May 16, 2025, and to exclude time from April 11, 2025, through May 16, 2025, under Local Code T4.

8. The parties agree and stipulate, and request the Court find the following:

    a) The government has represented that the discovery associated with this case includes over 200 pages of documents. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. Further on January 17, 2025, the government sent defense counsel a plea agreement.

    b) On April 7, 2025, defense counsel informed government's counsel that she was involved in a vehicle accident on April 2, 2025. Defense counsel was ordered by her medical doctor not to return to work until April 28, 2025.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government has no objection. In the event the Court grants the requested continuance, the government is prepared to request the Court set this case for trial at the next status conference.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 11, 2025, to May 16, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of

the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

9. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludible from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 8, 2025                          MICHELE BECKWITH
                                              Acting United States Attorney

                                              /s/Nchekube Onyima
                                              NCHEKUBE ONYIMA
                                              Special Assistant United States Attorney

Dated: April 8, 2025                          /s/ Dina Santos
                                              DINA SANTOS
                                              Counsel for Defendant
                                              Arnold Arias-Turcios

**ORDER**

**IT IS HEREBY ORDERED** that the Status Conference scheduled for April 11, 2025, at 9:30 a.m. is VACATED and RESET for May 16, 2025 at 9:30 a.m. in Courtroom 8 before the Honorable Dena M. Coggins. The time period between April 11, 2025 and May 16, 2025 inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A) and(B)(i) and (iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated: __**April 8, 2025**__                 _____
                                              Dena Coggins
                                              United States District Judge

STIPULATION TO CONTINUE AND EXCLUSION            3
OF TIME UNDER SPEEDY TRIAL ACT